1

2

3

4

5

6              UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                     AT SEATTLE

8  PETER ROBERT RICHESON,

9                    Plaintiff,              Case No. C12-1382-MJP

10     v.                                    **REPORT & RECOMMENDATION**

11 JIM DOERTY,

12                    Defendant.

13        Peter Robert Richeson submitted a complaint alleging King County Superior Court

14 Judge Jim Doerty's rulings in a child visitation matter violated his constitutional rights under 42

15 U.S.C. § 1983.  Dkt. 1 at 2-6.  Because Judge Doherty is absolutely immune from suit for official

16 actions within the scope of his authority, *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.

17 1988),  the Court recommends that the case be **DISMISSED** with prejudice, and Mr. Richeson's

18 in forma pauperis application be **DENIED** as moot.

19                            **DISCUSSION**

20 The complaint alleges that Judge Doerty modified a parenting plan that reduced and eventually

21 terminated Mr. Richeson's visitation with his son.  Dkt. 1 at 2-6.  Mr. Richeson claims the

22 modifications made between June 2010 and June 2011 violated his due process and equal

23 protection rights under the 14th Amendment.  Dkt. 1 at 2-6.  Specifically, Mr. Richeson argues

REPORT & RECOMMENDATION - 1

1   that (1) The reduction in the amount of visitation with his son was unwarranted and unsupported

2   by the evidence; (2) Judge Doerty failed to respond to a motion for school visitation; (3) contrary

3   to Judge Doerty's findings, Mr. Richeson's housing situation is safe, he did not miss any

4   visitation appointments, and he completed domestic violence counseling; (4) the cost of

5   supervised visitation unjustly prevents him from parenting his son; and (5) he was not given

6   notice of the hearing in May or June of 2011 that resulted in termination of his visitation rights.

7   Dkt. 1 at 2-6.  As relief Mr. Richeson seeks money damages.  Dkt. 1 at 6.

8           None of these allegations are grounds for relief because Judge Doerty enjoys absolute

9   immunity.  Judges are absolutely immune from § 1983 actions for damages when they act

10  officially "within the jurisdiction of their court."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204

11  (9th Cir. 1988).  Gross procedural errors or actions beyond the scope of judicial authority will

12  not remove a judge's complete immunity for official acts.  *Id.*  Immunity is only stripped when a

13  judge clearly acts without proper jurisdiction, *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335, 347

14  (1872), or when the nature of the act is not judicial.  *Stump v. Sparkman,* 435 U.S. 349, 360

15  (1978).  Furthermore, in the context of judicial immunity, jurisdiction should be broadly

16  construed.  *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995).  The question to determine

17  if an action is official is whether it is normally performed by the judge and whether the parties

18  encountered the judge in his "judicial" capacity.  *Stump,* 435 U.S. at 362.

19          Mr. Richeson's suit is therefore barred by judicial immunity because he seeks money

20  damages (Dkt. 1 at 6), and because the complaint's allegations rest on Judge Doerty's

21  determination of Mr. Richeson's visitation rights—a  judicial act within the jurisdiction of the

22  Superior Court.  Judge Doerty's actions were clearly judicial because he presided, in an official

23  capacity, over multiple hearings to determine the extent to which Mr. Richeson could visit his

REPORT & RECOMMENDATION - 2

1  son.  Dkt. 1.  It is also within the Superior Court's jurisdiction to modify parenting plans.  *See*

2  RCW 26.12.010; *State ex rel. Campbell v. Superior Court for King County*, 34 Wn.2d 771, 210

3  P.2d 123 (1949).  Because Judge Doerty acted officially and within the court's jurisdiction, Mr.

4  Richeson's claim is completely barred by judicial immunity.  Accordingly, the Court

5  recommends that the case be dismissed with prejudice.

6  **CONCLUSION**

7       For the foregoing reasons, The Court recommends **DENYING** Mr. Richeson's § 1983

8  claim and **DISMISSING** this matter with prejudice as the claim is barred by judicial immunity.

9  A proposed order accompanies this Report and Recommendation.

10       Any objections to this Recommendation must be filed no later than **September 10,**

11  **2012.**  The clerk shall note the matter as ready on **September 14, 2012**, for the Court's

12  consideration. Objections shall not exceed ten pages.  The failure to timely object may affect the

13  right to appeal.

14      The Clerk is directed to send copies of this Order to Mr. Richeson and to United States

15  District Judge Marsha J. Pechman.

16      DATED this 27th day of August, 2012.

17

18                          _____
                        BRIAN A. TSUCHIDA

19                          United States Magistrate Judge

20

21

22

23

REPORT & RECOMMENDATION - 3