UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                  )
PETER ROBERT RICHESON,            )   No. C12-1382MJP
                                  )
            Plaintiff,            )
       v.                         )   ORDER
                                  )
JIM DOERTY,                       )
                                  )
            Defendant.            )
_____)

This matter comes before the Court under Local General Rule 8(c). Plaintiff has filed a letter requesting that "a Federal Judge not rule in this case because [t]he defendant is a Superior Court Judge . . . [and plaintiff] believe[s] it would be [a] conflict of interest for a Judge to rule against a Judge." Dkt. # 4. Judge Pechman declined to recuse herself voluntarily, and the matter was referred to the undersigned for review. Dkt. # 6.

Section 455 of title 28 of the United States Code governs the disqualification of a judicial officer. It states in relevant part: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally, 28 U.S.C. § 144, pertaining to judicial bias or prejudice, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists . . . .

ORDER

A judge must recuse himself if a reasonable person would believe that she is unable to be impartial. Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). A litigant cannot, however, use the recusal process to remove a judge based solely on adverse rulings in the pending case: the alleged bias must result from an extrajudicial source. United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986).

The only extrajudicial source of bias identified by plaintiff is the fact that federal judges and state court judges are both judicial officers. There is no indication that these judicial officers have any sort of personal relationship. No inference of bias or prejudice arises from a the fact that they share a profession.

Having reviewed plaintiff's motion and the remainder of the record, the Court finds that Judge Pechman's impartiality cannot reasonably be questioned. Plaintiff's request to remove Judge Pechman from this matter is DENIED.

Dated this 14th day of September, 2012.

*signature*
Robert S. Lasnik
United States District Judge

ORDER         -2-